UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK E. GRONQUIST,

        Plaintiff,

v.

DANIEL WILLIAMS, *et al.*,

        Defendants.

Case No. C06-5543 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF EXPERT AND FOR ENLARGEMENT OF TIME

    Before the Court is Plaintiff's motion for the appointment of an expert witness (Dkt. # 85) and motion for a 90-day extension of time to conduct discovery, file dispositive motions, and prepare for trial. (Dkt. # 86). Having reviewed Plaintiff's motions and Defendants' response (Dkt. # 89), the Court finds that the motions should be denied.

## I. BACKGROUND

    On October 3, 2006, Plaintiff filed his complaint. (Dkt. No. 3). On February 26, 2007, Defendants filed their answer. (Dkt. No. 67). On March 28, 2007, Defendants received a discovery request from Plaintiff. (Dkt. # 89, Exh. 1, ¶ 5) Defendants responded to this request on April 25, 2007, producing 284 pages of documents. (*Id.*). This is the only discovery request propounded by

ORDER
Page - 1

Plaintiff. (*Id.*, Exh. 1, ¶ 6).

The discovery deadline ended on September 7, 2007. (Dkt. # 74). The dispositive motions deadline ended on October 5, 2007. (*Id.*). Defendants filed a motion for summary judgment on October 5, 2007. (Dkt. # 92).

## II.  DISCUSSION

**A.    Request for Expert**

Federal Rule of Evidence 706 allows the Court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471U.S. 148 (1985). The question in this case is whether Defendants have violated Plaintiff's constitutional rights by prohibiting him from practicing Taoism and by forcing him to eat a diet that is contrary to his religious beliefs. (Dkt. # 3). Plaintiff seeks the appointment of an expert witness on the subject of Taoism to assist the court and jury in resolving many issues of fact relating to Taoism. (Dkt. # 85).

The Court does not agree that an expert is required in this case. The question of whether Defendants have violated Plaintiff's constitutional rights by prohibiting Plaintiff from practicing his religious beliefs is not so complicated or difficult that an expert is required to present or prove the case. Accordingly, Plaintiff's motion for the appointment of an expert (Dkt. # 85) is denied.

**B.    90-Day Extension for Discovery and Dispositive Motions**

Plaintiff requests an extension of time to conduct further discovery, to locate and retain expert witnesses, and to prepare for summary judgment and trial. (Dkt. # 86, p. 4).

Since entry of the Court's Scheduling Order over six months ago, Plaintiff has served Defendants with request for discovery. Plaintiff complains that he has been inhibited from engaging

ORDER
Page - 2

in meaningful discovery and trial preparation because he has been involuntarily confined to solitary confinement, has been denied law library access and his legal files have been seized. (Dkt. # 86). However, Plaintiff has not explained why he needs access to a law library to conduct discovery. Plaintiff has also not described what additional discovery he seeks from Defendants. In addition, there is presently no trial date set in this matter and as noted above, the Court sees no need for the appointment of an expert in this case.

Accordingly, the Court finds no need to extend the discovery and dispositive motions deadlines in this case for 90 days. If Plaintiff can identify particular discovery that he believes is necessary to adequately prepare his opposition to the pending summary judgment motion, he may request a reasonable extension of that deadline.

Accordingly, it is **ORDERED:**

(1) Plaintiff's request for the appointment of an expert witness (Dkt. # 85) and for a 90 day enlargement of time to conduct discovery and file dispositive motions (Dkt. # 86) are **DENIED**; and

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 2nd day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3